1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                           EASTERN DISTRICT OF CALIFORNIA
10

11  ELIAS MENDOZA PEREZ,                         No.  1:16-cv-01935-DAD-SKO  HC
12              Petitioner,                      **FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**
13       v.
14  MARGARET MIMS,
15              Respondent.                      **(Doc. 18)**
16

17   Petitioner Elias Mendoza Perez was a federal prisoner proceeding with a petition for writ
18 of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenged an order of extradition.
19 Contending that the petition is now moot following Petitioner's February 14, 2017, extradition to
20 Mexico, Respondent has filed a motion to dismiss the petition.  Petitioner has not filed a timely
21 response.  Having carefully reviewed the record as a whole and applicable law, the undersigned
22 recommends that the Court dismiss the petition as moot.

23  **I.    Petition Must Be Dismissed as Moot**

24   Federal courts' constitutional jurisdiction extends only to actual cases or controversies.
25 *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70-71 (1983).  The case or controversy
26 requirement, articulated in Article II, Section 2 of the U.S. Constitution, prevents federal courts
27 from deciding "questions that cannot affect the rights of litigants in the case before them." *Lewis*
28

1

*v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (internal quotation marks omitted).  A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003).  When a federal court cannot redress a party's actual injury with a favorable judicial decision, the case is moot and must be dismissed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "Mootness is jurisdictional." *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005).

      Respondent reports that Petitioner was extradited on February 14, 2017, to face pending murder charges in Mexico.  Doc. 18 at 4.  Because the habeas petition can no longer provide relief from the extradition order, it is now moot.  *See Lindstrom v. Graber*, 203 F.3d 470, 474 (7th Cir. 2000); *Qassim v. Bush*, 466 F.3d 1073, 1075 (D.C. Cir. 2006).  When, as a result of intervening events, a court cannot provide effectual relief in favor of the petitioner, the Court should dismiss the proceeding as moot.  *Calderon v. Moore*, 518 U.S. 149, 150 (1996).

### III.     Certificate of Appealability

      A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B)  the final order in a proceeding under section 2255.

>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that it must dismiss the habeas petition as moot to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

**IV.    Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the petition for writ of habeas corpus and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District

3

Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 7, 2017**                                  /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE